IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUENTIN T. JONES | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-128-LPS |
| STATE OF DELAWARE, et al., | : | |
| Defendants. | : | |

Quentin T. Jones, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 9, 2017
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Quentin T. Jones ("Plaintiff"), an inmate at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware, filed this action alleging constitutional violations pursuant to 42 U.S.C. § 1983.[1] (D.I. 2, 5) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 9) The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## II. BACKGROUND

On February 4, 2015, Plaintiff was questioned about an alleged rape, charged after questioning, and held at the SCI as a pretrial detainee. Plaintiff was arrested by Defendant Jeremy L. Jones ("Jones"), a detective with the Delaware State Police (Troop 4) ("State Police"). Plaintiff was convicted in February 2016 and sentenced in April 2016.

Plaintiff alleges that he was detained following his arrest and convicted without any DNA or rape kit testing. He contends the alleged victim should have been taken into medical custody to have DNA analysis collection kits performed "on the alleged victim and suspect immediately." (D.I. 2 at 6) Plaintiff alleges that Jones has "a duty to see that those steps to a DNA analysis collection kit in any rape 1st sexual assault case have been taken from the alleged victim and suspect." (*Id.*)

Plaintiff also alleges that Defendant Amanda Young ("Young"), a forensic interview examiner, examined the alleged sexual assault victim. Plaintiff contends that Young should have sent the patient/client "to an out-patient body exam specialist to be checked out and make sure the alleged victim was not damaged in any way, shape or form in her vaginal and rectum areas." (*Id.* at

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

7) Plaintiff alleges that Defendant State of Delaware ("State") or an official of the State should be held accountable for failing to complete the procedures of a rape 1st sexual assault case, including DNA analysis collection kits. (*Id.*)

Plaintiff seeks to be "justified and vindicated of the false alleged accusations," and requests compensatory damages. (*Id.* at 8) He also requests appointment of counsel and has moved to dismiss the complaint only if he is not accountable for payment of the filing fee.[2] (D.I. 16, 18)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally

---

[2]Plaintiff states in his motion to dismiss:

> Dismiss the above caption case # only if I am not held accountable for the $350.00 complaint filing fee. If I am not held accountable for the $350 filing fee please dismiss without further action. . . . But if I am still required to pay the $350.00 after the civil suit is dismissed I rather not dismiss the case.

(D.I. 18) (internal emphasis and grammar modified) As Plaintiff has been granted leave to proceed in forma pauperis (*see* D.I. 4, 9), and as this case is not being dismissed in its entirety, the Court deems Plaintiff's motion to dismiss to be moot.

construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation

3

marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. *Heck v. Humphrey*

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. June 3, 2011). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by

4

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as required by *Heck*. Therefore, to the extent Plaintiff seeks damages for his current incarceration, the claim will be dismissed without prejudice. *See Brookins v. Bristol Twp. Police Dep't*, 642 F. App'x 80, 81 (3d Cir. Feb. 25, 2016).

### B. Eleventh Amendment

The caption of the complaint names the State and the State Police as defendants, but neither are described as defendants in the defendant section of the complaint. To the extent that Plaintiff intended to name the State and the State Police as defendants, his claims against them are barred by reason of the Eleventh Amendment.

"Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Moreover, the State of Delaware has not waived its sovereign

5

immunity under the Eleventh Amendment. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007). In addition, the Eleventh Amendment limits federal judicial power to entertain lawsuits against a State, and in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). Further, a state agency, such as the Delaware State Police, "is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Therefore, Plaintiff's claims against the State and the State Police will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), as they are immune from suit.

### C. Request for Counsel

Plaintiff requests counsel. (D.I. 16) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6

---

[3] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, operative word in statute being "request").

F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Plaintiff requests counsel on the grounds that it is difficult for him to understand the information he receives from the Court. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. To date, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. In addition, this case is in its early stages and Defendants have not yet been served. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. The Court can address the issue at a later date should counsel become necessary. Therefore, the Court will deny the request for counsel (D.I. 16) without prejudice to renew.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny the request for counsel (D.I. 16) without prejudice to renew; (2) deny the motion to dismiss (D.I. 18) as moot; (3) dismiss without prejudice Plaintiff's claims to the extent he seeks damages for his current incarceration; (4) dismiss the State of Delaware and the Delaware State Police as immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2); and (5) allow Plaintiff to proceed against Defendants Jeremy L. Jones and Amanda Young.[4]

An appropriate Order follows.

---

[4]Liberally construing the complaint, as the Court must, Plaintiff appears to have alleged cognizable and non-frivolous due process claims for refusing to conduct DNA testing. *See Brookins v. Bristol Twp. Police Dep't*, 642 F. App'x at 81 (citing *Skinner v. Switzer*, 562 U.S. 521, 534 (2011).