IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUENTIN T. JONES | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-128-LPS |
| JEREMY L. JONES, et al., | : | |
| Defendants. | : | |

Quentin T. Jones, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

Michael F. McTaggart, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Jeremy L. Jones.

Gary H. Kaplan, Esquire, and Jessica Lee Tyler, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendant Amanda Young.

**MEMORANDUM OPINION**

March 19, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Quentin T. Jones ("Plaintiff"), an inmate at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware, filed this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. (D.I. 2, 5) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 9) Before the Court are Defendants' motions to dismiss.[1] (D.I. 26, 33) Plaintiff did not file oppositions to the motions.

## II. BACKGROUND

As alleged in the Complaint and its amendment, on February 4, 2015 Plaintiff was questioned about an alleged rape, charged after questioning, and held at the SCI as a pretrial detainee. Plaintiff was arrested by Defendant Jeremy L. Jones ("Jones"), a detective with the Delaware State Police (Troop 4) ("State Police"). Plaintiff was convicted in February 2016 and sentenced in April 2016.

Plaintiff alleges that he was detained and convicted without any DNA or rape kit testing. He contends that the alleged victim should have been taken into medical custody to have DNA analysis collection kits performed "on the alleged victim and suspect immediately." (D.I. 2 at 6) Plaintiff alleges that Jones had "a duty to see that those steps to a DNA analysis collection kit in any rape 1st sexual assault case have been taken from the alleged victim and suspect." (*Id.*)

Plaintiff also alleges that Defendant Amanda Young ("Young"), a forensic interview examiner who examined the alleged sexual assault victim, should have sent the patient/client "to an out-patient body exam specialist to be checked out and make sure the alleged victim was not

---

[1] On March 9, 2017, the Court reviewed and screened the Complaint and its amendment pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). (*See* D.I. 19, 20) At that time, the Court dismissed the State of Delaware and the Delaware State Police but allowed Plaintiff to proceed on his due process claims on the DNA testing issue.

damaged in any way, shape or form in her vaginal and rectum areas." (*Id.* at 7) Plaintiff wants to be "justified and vindicated of the false alleged accusations." (*Id.* at 8) He seeks compensatory damages. (*Id.*)

In support of his motion to dismiss, Jones submits Court documents from Plaintiff's criminal case and asks the Court to take judicial notice of the documents. The State of Delaware's February 4, 2015 arrest warrant for Plaintiff, sworn to by Jones, sets out the factual basis for Plaintiff's arrest on two counts of rape first degree of a victim less than twelve years old, in violation of 11 Del. C. § 773, and unlawful sexual contact of a victim less than thirteen years old, in violation of 11 Del. C. § 769. (D.I. 28 at A-1, A-2) The arrest warrant indicates that, on January 22, 2015, Jones was assigned to the case, which involved allegations of rape of a young victim who had been sexually assaulted at her house and in an RV parked on the premises sometime in the summer of 2014, by a relative who was living at the house. (*Id.* at A-3)

Jones conducted the police investigation after a report had been made to the Delaware Division of Family Services. (*Id.* at A-240, A-241) He set up a forensic interview for the victim, who was eight at the time of the crime, with the Children's Advocacy Center, in Georgetown, Delaware, and the child was interviewed by Young. (*Id.* at A-3, A-73) The Delaware State Police do not typically request medical exams as part of their sexual assault protocol after 120 hours. (*Id.* at A-242) Such an exam is not typically done outside of that period as it is not expected to obtain evidence. (*Id.* at A-242, A-243) By the time Jones began his investigation, the RV had been sold and could not be found for police inspection. (*Id.* at A-248)

The Superior Court docket does not contain any docket entries indicating that Plaintiff filed pretrial or post-trial motions seeking DNA testing. (D.I. 35) The docket contains an entry of a February 4, 2016 letter from Plaintiff (who was represented by counsel in the criminal matter) complaining of his attorney's assistance of counsel, and referring to the absence of DNA as a basis

for dismissal of the case, although even then Plaintiff did not request DNA testing. (D.I. 28 at A-330, A-331, A-332)

Jones moves for dismissal of the instant action pursuant to Rule 12(b)(6) on the grounds that Plaintiff does not have a constitutional right to recover for damages when the police do not conduct DNA testing at the time of arrest or on the reporting victim of the rape offense. (D.I. 26, 27, 28) Young joins Jones' motion and also moves for dismissal for lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, and abstention. (D.I. 33, 34, 35)

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

### A. State Actor

Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

Young moves for dismissal on the grounds that she was not a state actor as is required to maintain a § 1983 action. During the relevant time-frame, Young was a child advocate at the

Children's Advocacy Center. The Court takes judicial notice that the Children's Advocacy Center is a not-for-profit corporation. *See* http://www.cacofde.org/CACByLaws.html (last visited Feb. 3, 2018). Young is not an individual "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004). Thus, the claim against her fails as a matter of law. Therefore, the Court will grant her motion to dismiss.[2] (D.I. 34)

### B. DNA and Other Medical Testing

Plaintiff alleges violations of his right to due process based on Jones' failure to conduct DNA testing on Plaintiff and his alleged victim and because Young did not send the victim for an outpatient body exam. He also alleges violations of his right to due process when the State did not complete the procedures for a rape case, including DNA collection. Defendants move for dismissal on the grounds that Plaintiff has no right to recover damages when police do not conduct DNA testing at the time of arrest or on the reporting of a rape offense.

Pursuant to the Fourteenth Amendment's Due Process Clause, "[n]o State shall ... deprive any person of life, liberty, or property without due process of law." Plaintiff alleges a procedural due process violation. (D.I. 2 at 5) Plaintiff complains that DNA or medical testing was not conducted at the pretrial stage. To be clear, Plaintiff does not allege a denial of his constitutional rights with regard to access to evidence for post-conviction DNA analysis.[3]

In essence, Plaintiff's claim is that his constitutional rights were violated because Jones and Young did not have DNA tests performed on Plaintiff and the alleged victim and did not require other medical testing. In *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988), the Supreme Court held that

---

[2] The Court finds it unnecessary to address the other grounds for dismissal raised by Young.

[3] Were this the case, the Court's analysis would consider the rulings in *Skinner v. Switzer*, 562 U.S. 521 (2011), *Wilkinson v Dotson*, 544 U.S. 74 (2005), and *Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52 (2009).

the Due Process Clause of the Fourteenth Amendment does not require the "State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." The Court further stated, "if the [state supreme] court meant . . . that the Due Process Clause is violated when the police fail to use a particular investigatory tool, we strongly disagree. . . . [T]he police do not have a constitutional duty to perform any particular tests." *Id.* at 58-59. In addition, a defendant cannot require the government to investigate a case as the defendant prefers. *See United States v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002) ("*Brady* prohibits suppression of evidence, it does not require the government to act as a private investigator and valet for the defendant, gathering evidence and delivering it to opposing counsel.").

District courts have concluded there is no constitutional right to DNA testing. *See e.g.*, *Steward v. Grace*, 362 F. Supp. 2d 608 n.39 (E.D. Pa. 2005) (no constitutional right to DNA testing); *Jimenez v. New Jersey*, 245 F. Supp. 2d 584, 588 (D.N.J. 2003) (dismissing § 1983 claim because plaintiff did not have constitutional right to DNA testing in pretrial stages of his criminal case); *Nicolaas v. Pace*, 2013 WL 4519603, at *4 (W.D. Wash. Aug. 26, 2013) ("So far as the court is aware, no court has entertained the notion that police must test DNA evidence. Police may conduct DNA tests, of course."); *United States v. Johnson*, 2007 WL 1651302, at *7 (D. Kan. June 6, 2007) ("[D]efendant has no constitutional right to have DNA testing done prior to trial.").

Here, Plaintiff complains of acts occurring prior to trial and contends Defendants should be held accountable for not conducting tests Plaintiff believes were necessary. Applying the analysis presented in *Youngblood* and considering Plaintiff's allegations, the Court concludes dismissal is appropriate. Plaintiff did not have a constitutional right to DNA testing in the pretrial stages of his criminal case. Therefore, the Court will grant Defendants' motions to dismiss.

## V. CONCLUSION

For the above reasons, the Court will grant Defendants' motions to dismiss (D.I. 26, 33). The Court finds amendment futile. An appropriate Order follows.